USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/24/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DASHANIE MARTINEZ DELA ROSA, an infant, by her Mother and Natural Guardian, MYRLA DELA ROSA, and MYRLA DELA ROSA, Individually,

      Plaintiffs,

- against -

610-620 WEST 141 LLC, NEW MATTHEWS AVENUE LLC, and BERNARD PUTTER,

      Defendants.

---

**OPINION AND ORDER**

08 Civ. 8080 (PKL)

### APPEARANCES

FITZGERALD & FITZGERALD, P.C.
538 Riverdale Avenue
Yonkers, New York 10705
Alberto Casadevall, Esq.
John M. Daly, Esq.
John J. Leen, Esq.

Attorneys for Plaintiffs

HAVKINS ROSENFELD RITZERT & VARRIALE, LLP
50 Main Street, 10th Floor
White Plains, New York 10606
Tara C. Fappiano, Esq.
Carlie Fitapelli, Esq.

Attorneys for Defendant 610-620 West 141, LLC

**LEISURE, <u>District Judge</u>:**

The infant plaintiff and her mother, Myrla de la Rosa ("de la Rosa," and together with the infant plaintiff, "plaintiffs"), seek to vacate a notice of removal filed by 610-620 West 141, LLC ("West 141") and to remand this action to the Supreme Court of New York, Bronx County under 28 U.S.C. § 1447(c). Plaintiffs contend that (i) removal is precluded on the basis of diversity jurisdiction because West 141, New Matthews Avenue LLC ("New Matthews"), and Bernard Putter ("Putter," and together with West 141 and New Matthews, "defendants") are all residents of the state in which suit was brought, and (ii) irrespective of whether federal question jurisdiction exists, the notice of removal was not filed within the thirty-day deadline imposed by 28 U.S.C. § 1446(b). Plaintiffs have also moved for attorneys' fees pursuant to 28 U.S.C. § 1447(c) in the event the Court remands the case to state court. For the reasons stated below, plaintiffs' motion to remand this case to state court is GRANTED, and plaintiffs' request for attorneys' fees incurred in bringing this motion is GRANTED.

## BACKGROUND

On September 21, 2007, plaintiffs commenced the underlying personal injury action against defendants in the Supreme Court of New York, Bronx County. (Casadevall Decl. ¶ 4; Notice of Removal ¶ 1 and Ex. A.) Plaintiffs claim that, as a result of defendants' negligent and/or knowing violations of federal, state, and local laws (see Compl. ¶¶ 47, 108, 111), the infant plaintiff ingested and was poisoned by lead-based paint while residing at and/or frequenting the following addresses and during the following time periods: (i) from February 2005 until the date of the complaint at 610 West 141st Street, Apartment 2B, New York, New York 10031, which was allegedly owned, operated, and maintained by West 141 (see id. at ¶¶ 21-28, 40-41); and (ii) from August 2005 until the date of the complaint at 2160 Matthews

Avenue, Apartment 3P, Bronx, New York 10462, which was allegedly owned, operated, and maintained by New Matthews and Putter. (See id. at ¶¶ 65-77, 92-93). West 141 served its answer on December 3, 2007.[1] (See Casadevall Decl. ¶ 8; Notice of Removal ¶ 2 and Ex. B.) Defendants New Matthews and Putter served their answer on October 12, 2007. (See Notice of Removal ¶ 2 and Ex. C.)

During an August 19, 2008 deposition, de la Rosa testified that plaintiffs had resided in the Dominican Republic since July 2007. (Notice of Removal Ex. E at 19-21; see also Casadevall Decl. ¶ 6.) This information was contrary to the allegation in plaintiffs' complaint that plaintiffs resided in the Bronx at the time the action was filed. (See Compl. ¶ 3.) West 141 subsequently filed a notice of removal on September 17, 2008 to remove the action to this Court, asserting diversity jurisdiction.[2] (Notice of Removal ¶ 8.) On October 17, 2008, plaintiffs moved to remand the action to state court, asserting the removal was procedurally flawed because

---

[1] Plaintiffs served all defendants in this action by October 4, 2007. (Pls.' Reply ¶ 17.) The Court notes that, pursuant to N.Y. C.P.L.R. § 3211(e), West 141 waived any objection to the propriety of service by failing to assert such a claim in its answer. (See Notice of Removal Ex. B.) Thus, it is clear that West 141 received notice of the claims asserted against it many months before filing its notice of removal.

[2] The Court notes that it is unclear whether New Matthews and Putter consented to West 141's petition for removal to federal court. In a letter to the Court dated October 15, 2008, Beth L. Rogoff, Esq. of Kardisch Link & Associates PC, counsel for New Matthews and Putter, indicated that New Matthews and Putter "take[] no position on the issue of removal and defer[] to the discretion of the Court(s)." (Casadevall Decl. Ex. 5.) Although there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the "rule of unanimity." Smith v. Kinkead, No. 03 Civ. 10283, 2004 WL 728542, at *2-3 (S.D.N.Y. Apr. 5, 2004) (citing Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 476-77 (S.D.N.Y. 2001)); Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999) (collecting cases demonstrating "widespread agreement among the district courts, including those in the Second Circuit," regarding this principle). "While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (quoting Michaels v. New Jersey, 955 F. Supp. 315 (D.N.J. 1996)); see also Payne, 172 F. Supp. 2d at 477 (noting that "the majority of courts interpret 'consent' to mean that each defendant must submit written consent unambiguously agreeing to removal" (citation omitted)); Ell, 34 F. Supp. 2d at 194 (stating that "'unambiguous written evidence of consent' by all defendants is required" (quoting Codapro, 997 F. Supp. at 325)). The exceptions to this rule are where "(i) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (ii) the non-joining defendants are nominal parties; or (iii) the removed claim is a separate and independent cause of action as defined by 28 U.S.C. § 1441(c)." Anglada v. Roman, No. 06 Civ. 10173, 2006 WL 3627758, at *1 (S.D.N.Y. Dec. 12, 2006) (citing Varela v. Flintlock Construction, Inc., 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001)). However, the Court need not reach this issue because removal was clearly improper for the reasons raised in plaintiffs' motion and discussed below.

(i) defendants are residents of the state in which this suit was originally filed (see Pls.' Mem. 2-3), and (ii) West 141's notice of removal was untimely under 28 U.S.C. § 1446(b). (See id. at 4-5.) Plaintiffs request an award of attorneys' fees in the amount of $7,840 should the Court remand this action to state court. (See Casadevall Decl. Ex. 6.) West 141 argues that removal was proper because both diversity jurisdiction and federal question jurisdiction exist. (See Def.'s Mem. in Opp'n 4, 6; Fitapelli Affirmation ¶ 13.) West 141 opposes any award of attorneys' fees because no pre-motion conference was held for this motion. (See Def.'s Mem. in Opp'n 7.)

## DISCUSSION

### I. Removal Jurisdiction

#### A. Applicable Law

Civil actions filed in state court are removable to federal court if the action filed in state court could have been brought, originally, in a federal district court. 28 U.S.C. § 1441(a). When a district court's original jurisdiction is predicated on the parties' diversity of citizenship, "removal is permissible 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought.'" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83-84 (2005) (quoting 28 U.S.C. § 1441(b)); accord Shapiro v. Logistec USA Inc., 412 F.3d 307, 310 (2d Cir. 2005). Removal based on federal question jurisdiction is permissible where "a federal claim appears on the face of a well-pleaded complaint." Four Keys Leasing & Maint. Corp. v. Smithis, 849 F.2d 770, 773 (2d Cir. 1988).

In addition, a petition for removal asserting either diversity or federal question jurisdiction must be timely under 28 U.S.C. § 1446(b), which requires that:

> notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . . If the case stated by the initial pleading is not removable,

3

a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action.

See Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991) (holding that the thirty-day deadline for a notice of removal under § 1446(b) is mandatory and rigorously enforced), superseded on other grounds by rules, Fed. R. Civ. P. 5(d)(4), 83(a)(2), as recognized in Contino v. United States, 535 F.3d 124, 126-27 (2d Cir. 2008) (per curiam); ESPN, Inc. v. N. Pole, Ltd., No. 08 Civ. 9483, 2009 U.S. Dist. LEXIS 8175, at *14 (S.D.N.Y. Jan. 22, 2009) ("'Absent a finding of waiver or estoppel, courts rigorously enforce [§ 1446(b)'s] thirty-day filing [requirement].'" (quoting Somlyo, 932 F.2d at 1046)); see also Vill. of Chestnut Ridge v. Town of Ramapo, No. 07 Civ. 9298, 2008 WL 4525753, at *3 (S.D.N.Y. Sept. 30, 2008) ("[The] thirty-day limitation has a dual purpose: first, it forecloses a defendant from adopting a wait and see approach in the state court; second, it minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in the state court." (internal quotation marks and citation omitted)).

"Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." In re NASDAQ Market Makers Antitrust Litig. (Tisdale v. A.G. Edwards & Sons), 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.")). Therefore, "removal statutes are to be 'strictly construed against removal and all doubts should be resolved in favor of remand.'" Berrios v. Our Lady of Mercy Med. Ctr., No. 99 Civ. 21, 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999)

4

(quoting Leslie v. Banctec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996)); see Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." (internal quotation marks and citation omitted)).

Under 28 U.S.C. § 1447(c), a motion to remand a case that has been removed to federal court must be made within thirty (30) days after the filing of the notice of removal under section 1446(a) and may be based on either a defect in the removal procedure or a defect in federal jurisdiction. The removing party bears the burden of proving that it has met the requirements for removal. See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004); Smith v. Kinkead, No. 03 Civ. 10283, 2004 WL 728542, at *1 (S.D.N.Y. Apr. 5, 2004) (citing Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998)); see also In re NASDAQ Market Makers, 929 F. Supp. at 178 (citation omitted); Pan Atl. Group, Inc. v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995) ("[T]he burden of proving federal removal jurisdiction is on the party seeking to preserve removal, not the party moving for remand."). In determining whether an action was properly removed from state court, a federal court reviews the record at the time of removal. See United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.1994) (citation omitted); Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 368 (S.D.N.Y. 2006) (collecting cases). If the removing party fails to meet its burden, the Court will remand the action to the state court from which it was removed. See Hill v. Delta Int'l Mach. Corp., 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005) (citation omitted).

B. Application

Plaintiffs filed their motion to remand on October, 17, 2008, thirty days after West 141 filed its notice of removal on September 17, 2008. Thus, plaintiffs have filed a timely motion to remand asserting defects in the removal procedure. See 28 U.S.C. § 1447(c); Shapiro, 412 F.3d at 313 (stating that § 1441(b)'s prohibition against removal to any defendant's home forum is a rule of procedure and not a jurisdictional requirement); Somlyo, 932 F.2d at 1046 (finding thirty-day limitation on filing notice of removal not jurisdictional). As discussed below, West 141 has not met its burden of showing that this action was properly removed, and therefore, the Court must remand this action to state court.

West 141's removal petition alleged original jurisdiction based on diversity of citizenship. However, because it is undisputed that defendants are all citizens of New York (see Notice of Removal ¶¶ 6-7; Fitapelli Affirmation ¶ 10), where the action was initiated, West 141 was not entitled to remove to federal court on the basis of diversity jurisdiction. See, e.g., Four Keys, 849 F.2d at 773 ("[U]nder 28 U.S.C. § 1441(b), [defendant's] New York citizenship barred him from invoking diversity jurisdiction to remove this case to the Southern District."). Accordingly, even if the requirements of diversity jurisdiction are met, § 1441(b) prohibits removal of this case.

Moreover, even assuming, *arguendo*, that plaintiffs' claims arise under federal law, as West 141 suggests in its opposition papers, West 141 failed to remove within the statutory thirty-day time period. Defendants were required to file their notice of removal within thirty (30) days of receiving the initial pleadings that provided notice of plaintiffs' federal claims.[3] See 28 U.S.C.

---

[3] West 141 makes contradictory arguments to establish that removal to this Court was timely. First, West 141 argues that the action as originally brought was not removable, but that it became so through an event occurring afterward: de la Rosa's August 19, 2008 deposition, in which she testified that the plaintiffs were residents of the Dominican Republic when the action was filed. (Notice of Removal ¶ 8.) As explained above, irrespective of when

6

§ 1446(b); Somlyo, 932 F.2d at 1046. Here, West 141's notice of removal was filed approximately eleven months after plaintiffs filed their complaint in state court and just over nine months after West 141 served its answer. Therefore, because West 141 did not file its notice of removal within the mandatory statutory time period, West 141's contention that federal question jurisdiction provides a basis for removal is of no avail. See, e.g., ESPN, Inc., 2009 U.S. Dist. LEXIS 8175, at *9 (remanding case to state court where defendants filed notice of removal on same day as answer waiving any objection to propriety of service and almost one month after deadline under § 1446(b) to remove action to federal court).

## II. Attorneys' Fees

### A. Applicable Law

Plaintiffs seek an award of attorneys' fees incurred as a result of the removal of this action. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has determined that awards of attorneys' fees under § 1447(c) are subject to an "objective reasonableness test:" "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). District courts have considerable discretion and flexibility to fashion awards of costs and fees to deter removals sought for an improper purpose. See id. at 140 ("Assessing costs and fees on remand reduces the

---

this information came to light, the action was not removable on diversity grounds because defendants are all citizens of New York and cannot remove to their home forum. Second, West 141 argues that removal jurisdiction has existed from the time the action was filed because plaintiffs alleged in their complaint that defendants knowingly violated (unspecified) federal laws. However, if a basis for removal existed at the time the action was initiated, then West 141 failed to remove within the statutory thirty-day time period, which would have run from the date that defendants received, through service or otherwise, a copy of the initial pleadings giving them notice of the claims filed against them. Plaintiffs assert this date was October 4, 2007, and West 141 does not dispute this assertion. (See Pls.' Reply ¶ 17.) Therefore, West 141's deadline to file its notice of removal, if based on federal question jurisdiction, was November 3, 2007.

7

attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."); Morgan Guar. Trust Co. v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992); see also Circle Indus. USA, Inc. v. Parke Constr. Group, Inc., 183 F.3d 105, 109 (2d Cir. 1999) ("While the simplicity of th[e] procedure [under 28 U.S.C. § 1446(a)] facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly . . . . Providing for attorneys' fees when granting a motion to remand serves the purpose of deterring improper removal . . . .").

B. Application

Because West 141 lacked an "objectively reasonable basis" for removal, the Court requires West 141 to pay costs and expenses plaintiffs incurred as a result of removal. Martin, 546 U.S. at 141 (2005); see also Four Keys, 849 F.2d at 774 (affirming district court's imposition of sanctions on removing defendant's attorney, and imposing additional sanctions on appeal, where removal petition was "plainly" frivolous given that defendant was citizen of state where action was brought, and federal question jurisdiction was raised for first time in removal petition). A reasonable inquiry into the applicable law would have revealed that the statutory criteria for removing this action to federal court were not satisfied.[4] Therefore, plaintiffs' request for attorneys' fees incurred as a result of the removal is granted, although the Court finds the fee sought here is excessive. In light of the length and quality of plaintiffs' motion papers, the fact that removal was improper on the face of West 141's notice, and other awards of attorneys' fees issued in this District under § 1447(c), the Court finds $2,500 a more reasonable award of

---

[4] The Court notes that plaintiffs' counsel contacted West 141's counsel regarding plaintiffs' intent to file a motion to remand, and the basis for such a motion. (See Casadevall Decl. ¶ 22.) Notwithstanding this information, in an October 8, 2008 letter, Carla Fitapelli, Esq., counsel to West 141, maintained that she did not "apply Rule 1441(b) to these particular circumstances." (Id. Ex. 3.) Had Ms. Fitapelli conducted an adequate inquiry into the grounds for plaintiffs' motion to remand, and the clearly applicable bars against removal in this situation, the instant motion practice might have been avoided.

attorneys' fees. See, e.g., Citigroup, Inc. v. Wachovia Corp., No. 08 Civ. 8608, 2009 U.S. Dist LEXIS 27079, at *28-29 (S.D.N.Y. Mar. 20, 2009) (awarding $10,000 in attorneys' fees where plaintiff contended its actual expenses incurred in challenging removal were $90,000 and where, even after defendant was apprised that plaintiff's complaint raised no federal question, defendant proceeded to remove the action and oppose remand); ESPN, Inc., 2009 U.S. Dist. LEXIS 8175, at *15 (awarding $1,500 in attorneys' fees against removing defendant where the removing party failed to establish diversity of jurisdiction and removal was untimely); Arabesque v. Capacity LLC, No. 07 Civ. 2042, 2008 WL 681459, at *2 (S.D.N.Y. Mar. 10, 2008) (awarding $3,000 in attorneys' fees where removing defendant lacked objectively reasonable basis for removal and consented to remand, and where plaintiff requested $13,000 in fees); see also Alveranga v. Winston, No. 04 Civ. 4356, 2007 WL 595069 (E.D.N.Y. Feb. 22, 2007) (awarding plaintiff reasonable fees and costs in the amount of $10,767.60 pursuant to § 1447(c) where plaintiff presented an application for attorneys' fees totaling $25,723).

## CONCLUSION

Plaintiffs' motion to vacate West 141's notice of removal and remand the action to the Supreme Court in and for the State of New York, Bronx County, is GRANTED. In addition, plaintiffs' request for reasonable attorneys' fees plaintiffs incurred as a result of the removal is GRANTED. The Clerk of Court is directed to enter judgment in the amount of $2,500 against 610-620 West 141 LLC and its counsel, Havkins Rosenfeld Ritzert & Varriale, LLP.

**SO ORDERED.**

New York, New York
June 24, 2009

                                                        Peter K. Leisure
                                                            U.S.D.J.